1

2                              **UNITED STATES DISTRICT COURT**

3                                    **DISTRICT OF NEVADA**

4                                              * * *

5   PIANGE JACKSON, an Individual,              Case No. 2:14-cv-00166-APG-VCF

6                           Plaintiffs,

7       v.                                      **ORDER GRANTING MOTION TO**
                                                **DISMISS**
8   ARGOSY UNIVERSITY, ON-LINE
    DIVISION a Arizona Corporation; ARGOSY      (Dkt. No. 5)
9   UNIVERSITY (ORANGE COUNTY AND
    SANTA MONICA, CA), a California
10  Corporation; ARGOSY UNIVERSITY
    EDUCATION MANAGEMENT, LLC,  a
11  Delaware Corporation; A wholly-owned
    subsidiary of EDUCATIONMANAGEMENT
12  HOLDINGS, LLC, a Delaware Corporation;
    wholly-Owned by EDUCATION
13  MANAGEMENT CORPORATION, a
    Pennsylvania Corporation; ARGOSY
14  UNIVERSITY of ARGOSY EDUCATION
    GROUP, INC., a Illinois Corporation; and
15  DOES 1 through 10 and ROES 1through 10
    INCLUSIVE,
16
                            Defendants.
17

18

19          Defendants Argosy University Education Management, LLC, Education Management

20  Holdings LLC, Education Management Corporation, Argosy Education Group, Inc., incorrectly

21  named as "Argosy University of Argosy Education Group, Inc.," and its affiliates and divisions

22  including properties located in Orange County and Santa Monica (collectively, "Defendants")

23  filed a motion to dismiss. (Dkt. #5.)  For the reasons discussed below, the motion is granted.

24          Plaintiff Piange Jackson alleges that Defendants discriminated against her by assigning

25  her two failing grades in an advanced writing class because of her race.  Her claims are based on

26  two alleged statements of the instructors who assigned her failing grades, in which the instructors

27  expressed that Plaintiff's poor writing skills are a result of her race.  Plaintiff's complaint asserts

28

1    discrimination under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964 and includes

2    various state law claims. (Dkt. # 1.)

3         However, over a year earlier, Plaintiff filed an action against Defendants based on

4    identical factual allegations ("First Action"). *See* Compl. at 3–6, *Jackson v. Argosy Univ., On-line*

5    *Division*, No. 2:12-cv-02091-APG-NJK (D. Nev. Dec. 7, 2012), Doc. # 1.  In the First Action, I

6    dismissed several defendants without prejudice due to Plaintiff's failure to effectuate service. *See*

7    Order of Dismissal, *id.* (Dec. 11, 2013), Doc. # 16.  I then granted Defendant's motion to dismiss

8    for failure to state a claim and dismissed Plaintiff's complaint without prejudice. *See* Order, *id.*

9    (Jan. 27, 2014), Doc. # 17.  Finally, when Plaintiff failed to file an amendment within the time

10   allotted, I dismissed the case with prejudice. *See* Order, *id.* (Mar. 11, 2014), Doc. # 18.  However,

11   on January 29, 2014, while the First Lawsuit was still pending, Plaintiff filed this separate action.

12        As the First Action has now been determined, the present action is barred by the doctrine

13   of res judicata.  The doctrine of res judicata applies whenever there is "(1) an identity of claims,

14   (2) a final judgment on the merits, and (3) identity or privity between parties." *W. Radio Servs.*

15   *Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "The central criterion in determining

16   whether there is an identity of claims between the first and second adjudications is 'whether the

17   two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216

18   F.3d 845, 851 (9th Cir. 2000).  Thus, an identity of claims encompasses "all grounds for recovery

19   which could have been asserted, whether they were or not, in a prior suit between the same

20   parties." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)

21   (quoting *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)).  Additionally, unless

22   specified otherwise, the dismissal of claims for the failure of a party to comply with a court order

23   "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Thus, involuntary dismissal of

24   a party's claims generally constitutes a final judgment on the merits for purposes of res judicata.

25   *Owens*, 244 F.3d at 714.

26        Despite Plaintiff's contentions to the contrary, all three elements of res judicata are

27   evident in Plaintiff's two actions.  First, both actions are based on Plaintiff's receipt of failing

28   grades and her allegations that the instructors assigned her failing grades because of her race.

2

1    Although the instant complaint includes some supplemental information and the listed causes of

2    action are technically different, the main allegations—including the statements made by the

3    instructors to Plaintiff—are identical, and any of the later complaint's causes of action could have

4    been made in the first complaint.  Second, because I dismissed with prejudice Plaintiff's First

5    Action for failure to file an amended complaint by the stated deadline, the dismissal operates as

6    an adjudication on the merits for res judicata purposes.  Finally, there is no dispute that the

7    actions involve identical parties. Thus, res judicata is applicable and Plaintiff's action is barred.

8        I am not persuaded by Plaintiff's arguments that I should ignore the doctrine of res

9    judicata because Plaintiff was unrepresented in the First Action.  Although Plaintiff may have

10   filed the action pro se, it is apparent from Plaintiff's Supplement to her Opposition (Dkt. # 8) that

11   Plaintiff retained counsel after I had dismissed certain parties without prejudice for failure to

12   serve.  It is also apparent that Plaintiff and her counsel were aware of the dismissal of the first

13   complaint and the corresponding deadline for filing an amended complaint.  Thus, I can only

14   conclude that Plaintiff chose to file a separate, redundant action while represented.  Plaintiff may

15   not escape the consequences of that act simply because the first complaint was filed pro se.

16       Further, Defendants' failure to move to consolidate the actions does not constitute a

17   waiver of their right to assert res judicata.  Plaintiff's attempt to abandon the prosecution of one

18   action and simply "start over" by filing another is not an acceptable means of litigation.  Although

19   Defendants were obligated to inform me of the related action under Local Rule 7-2.1, that

20   obligation is equally applicable to Plaintiff.  Defendants' failure to comply with its obligation

21   does not excuse Plaintiff's own neglect.  Defendants properly asserted the res judicata defense

22   once the dismissal of the First Action had become final.

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

3

1          IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED.

2     Plaintiff's complaint is dismissed with prejudice and the Clerk of the Court is instructed to close

3     this case.

4          DATED THIS 14th day of July 2014.

5

6                                                              _____
                                                               ANDREW P. GORDON
7                                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28